Tüeley, J.
delivered the opinion of the court.
The proof in this case shows that the prisoner, Tom, is a negro slave, that he absconded from the service of his master, and while concealed in the woods, fired a pistol charged with shot at one Andrew J. Haley, giving him a severe wound therewith in his right arm. Haley was in the woods hunting and came suddenly and unexpectedly upon the prisoner concealed behind a log, who rose and discharged the pistol at him, and within a few feet of him without warning. Haley was not in pursuit of him, and did not see him until he was in the act of firing at him, b.ut it is fairly to be inferred that the prisoner supposed he was in pursuit of him, as he had a rifle on his shoulder and was wandering about through the woods looking for squirrels.
Upon this evidence, the prisoner was indicted and convicted in the Maury circuit court of the offence o"f an assault with the intent to commit murder in the first degree upon a free white man; and we are now called upon to say whether this proof is sufficient to support the verdict of the jury and to warrant the judgment rendered thereon by the circuit judge.
We are constrained to say that it does: a slave is acting out of the line of his duty under our law, in absconding from his master; and by the 8th sec. of the act of 1831, chap. 103, any person who may arrest him and deliver him to the jailor of *88 the county, the owner, or person entitled to the custody of him, shall receive the sum of five dollars for his trouble. It is then no offence for any individual to arrest a runaway slave, and it is no violation of the slave’s person. It is his duty therefore to submit to such an arrest, and if he resist it and slay the person attempting it, he is guilty of murder in the first degree, upon the authority of the case of Jacob vs. The State, 3d Humphreys, and upon principle.
It may be painful to the feelings to hold such doctriné, but it is a' necessary incident to the institution of slavery. If it would be murder in the first degree to kill in such case, an assault with intent to kill, would of necessity be an assault with the intent to commit murder in the first degree.
But in this case, the person assaulted, was not in the attempt to arrest, but in a different and lawful pursuit; there was then no pretence whatever for the assault, however the prisoner no doubt thought otherwise, and if the fact of an attempt to arrest him, would have justified or excused the assault, we would have been disposed to have given him the benefit of it, but it does not and however much we may regret the consequences, we must affirm the judgment.